UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE FLINN,<br>    Plaintiff<br><br>V.<br><br>MINNESOTA LIFE INSURANCE COMPANY,<br>SECURIAN LIFE INSURANCE COMPANY,<br>SECURIAN FINANCIAL GROUP,<br>    Defendants | CIVIL ACTION NO.<br>1:18-CV-10868-WGY |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Defendants Minnesota Life Insurance Company, Securian Life Insurance Company, and Securian Financial Group, Inc. (collectively, "Defendants"), respectfully request that this Court dismiss all counts of Plaintiff, Eugene Flinn's, Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because each of Plaintiff's eighteen counts against Defendants (i) admittedly seeks payment of benefits allegedly owed him under his late wife's employer-sponsored benefits plan, and (ii) each seeks relief under state law.[1]  See Compl. ¶¶30-31.  Plaintiff's claims are therefore preempted by the Employee Retirement and Income Security Act, 29 U.S.C. §1001 et seq. ("ERISA") because ERISA preempts "any and all State laws insofar as they may … relate to any employee benefit plan." 29 U.S.C. §1144(a).  All eighteen counts of Plaintiff's Complaint should therefore be dismissed because they are preempted.

---

[1] The Complaint contains six specific causes of action against each of the three Defendants: negligence (Counts I-III); breach of contract (Counts IV-VI); violation of the Massachusetts Uniform Commercial Code (Counts VII-IX); violation of G.L. c. 176D (Counts X-XII); violation of G.L. c. 93A (Counts XIII-XV); and breach of fiduciary duty (Counts XVI-XVIII).

## I.  STATEMENT OF FACTS

Plaintiff's wife, Joyce Flinn, passed away on April 13, 2009.  Compl. ¶17.  Prior to her passing, Ms. Flinn was an employee of Fidelity Investments, Inc. ("Fidelity").  Compl. ¶29.  Ms. Flinn was a participant in Fidelity's employee benefits plan (the "Plan"), including the group life insurance policy issued to Fidelity by Minnesota Life Insurance Company (the "Policy").  Ms. Flinn was covered under the policy through her employment with Fidelity.  Compl. ¶29.  Compl. ¶30.  The Minnesota Life policy provided a benefit of $250,000 payable on the death of Ms. Flinn.  Compl. ¶31.

Ms. Flinn did not name a beneficiary for the life insurance benefits under the Policy.  Compl. ¶42.  Under the terms of the Policy, if no beneficiary is specified benefits are paid to the decedent's spouse.  Compl. ¶43.

Ms. Flinn's sister, Joan Oliveira, was an attorney.  Defendant received a letter of representation from Ms. Oliveira indicating that she represented both Plaintiff and Ms. Flinn's estate.  Compl. ¶41.  Ms. Oliveira also indicated that she was Plaintiff's attorney-in-fact and enclosed a copy of an April 1, 2009 Durable Power of Attorney signed by Plaintiff Eugene Flinn.  Compl. ¶41.  On September 30, 2011, Ms. Oliveira sent a Preference Beneficiary Statement signed by Plaintiff, which directed that the check payable to Plaintiff be sent to the care of Attorney Joan Oliveira.  Compl. ¶¶53, 56, 58.  After completing the claims process, Defendants issued a check payable to Plaintiff, care of Joan Oliveira, for $275,277.77, representing the $250,000 policy value, plus $25,277.77 in accrued interest.  Compl. ¶¶58-59.  Ms. Oliveira retained the payment from Defendants, and did not inform Plaintiff of her dealings with Defendants or that she had received and retained the check for Ms. Flinn's group life insurance benefit.  Compl. ¶¶75-76.

## II.     ARGUMENT

### (a)     Motion to dismiss standard

This Court must accept the Complaint's factual allegations as true and assess whether such facts are sufficient to support the reasonable inference that the Defendants are liable. In re Fidelity ERISA Float Litigation, 829 F.3d 55, 59 (1st Cir. 2016). Here, dismissal is warranted because the Complaint makes clear that Plaintiff's claims are (i) governed by ERISA and (ii) grounded in Massachusetts law, therefore preempted.

### (i)     Ms. Flinn's employer-sponsored benefits plan is governed by ERISA

ERISA "subjects to federal regulation plans providing employees with fringe benefits. [It] is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). ERISA defines "employee welfare benefit plan" to include:

> "any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death …"

29 U.S.C. §1002(1); see Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077, 1082 (1st Cir. 1990).

Plaintiff admits that the benefits at issue arise from the group life insurance policy available to Ms. Flinn through her employer, Fidelity. See Compl. ¶¶29-31. ERISA therefore governs the claims at issue in this matter.

### (b)     ERISA broadly preempts all state law claims

"ERISA preempts any and all State laws insofar as they may … relate to any employee benefit plan." Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 781 (1st Cir. 2014), quoting 29

U.S.C. §1144(a); see also Shaw, 463 U.S. at 90 (ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans"). "A cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action … as well as where the damages must be calculated using the terms of an ERISA plan." Id., quoting Hampers v. W.R. Grace & Co., 202 F.3d 44, 52 (1st Cir. 2000).

Plaintiff asserts six distinct state law causes of action against each of the Defendants, each of which requires this Court to evaluate the terms of Ms. Flinn's employer-provided benefits plan. Each of Plaintiff's state law claims therefore "relates to" the Plan and is preempted by ERISA.

(i)   Plaintiff's breach of contract claims are preempted by ERISA

Plaintiff alleges in Counts IV through VI that Defendants breached the Policy by failing to pay the benefits due to Plaintiff. A claim alleging breach of contract and seeking "to recover benefits from a covered plan ... falls directly under ERISA, which provides an exclusive federal cause of action for resolution of such disputes." Cogan v. Phoenix Life Ins. Co., 310 F.3d 238, 242 (1st Cir. 2002). The First Circuit has consistently held a claim for breach of contract "relates to" an ERISA plan because the court "must evaluate or interpret the terms of the ERISA-regulated plan to determine liability." Hampers, 202 F.3d at 52-53. Thus, a claim for breach of contract is nothing more than an "alternative enforcement mechanism" to that set forth under ERISA. Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co., 215 F.3d 136, 140-41 (1st Cir. 2000); see also Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 199 (1st Cir. 1997) ("[i]t would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan").

Here, Plaintiff acknowledges that the relief sought through his breach of contract claims is payment of Plan benefits. See, e.g., Compl. ¶¶102-108 (asserting a right to payment of benefits under Ms. Flinn's Fidelity-sponsored group life insurance policy); Compl. ¶¶114-116 (same); Compl. ¶¶123-125 (same). Counts IV – VI "relate to" the Plan, and his claims for breach of contract are preempted because determination of the Defendants' liability requires this Court interpret the Plan.

> (ii) Plaintiff's claims for violations of M.G.L. c. 106, 176D and 93A, are preempted by ERISA

Plaintiff's allegations that the Defendants violated G.L. chapters 106 (Counts VII - IX), 176D (Counts X - XII), and 93A (Counts XIII through XV) are similarly preempted because Massachusetts statutory claims are preempted by ERISA. Hotz v. Blue Cross and Blue Shield of Mass., Inc., 292 F.3d 57, 60-61 (1st Cir. 2002) (insured's claim for unfair or deceptive practices preempted by ERISA); Harris v. Harvard Pilgrim Health Care, 208 F.3d 274, 281 (1st Cir. 2000) (Chapter 93A claim preempted where trier of fact would have to consult ERISA plan to resolve the plaintiff's claim); Summersgill v. E.I. Dupont De Nemours & Co., 2014 WL 1032732, *4 (D. Mass. March 18, 2014) (Chapter 93A claim "would require a factfinder to 'consult the ERISA plan to resolve the plaintiff's claims'" and is therefore preempted); Tuohig v. Principal Ins. Group, 134 F. Supp. 2d 148, 154 (D. Mass. 2001) (Chapter 93A claim is "closely related" to the denial of benefits and is therefore preempted).[2]

In Hotz, the First Circuit explained that the plaintiff's G.L. c. 176D and c. 93A claims were preempted despite the involvement of insurance contracts in the claim because the claims

---

[2] Further, Plaintiff's Chapter 176D claims fails for the additional reason that there is no private right of action for violations of Chapter 176D. Morrison v. Toys "R" Us, Inc., 59 Mass. App. Ct. 613, 616 n. 7 (2003) (Chapter 176D "does not itself provide a private right of action for unfair or deceptive insurance claim settlement practices"); see also Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n. 1 (1st Cir. 1992).

"relate to" an ERISA plan. In addition, ERISA does not permit the punitive damages which might be available under alternative state law claims, enforcement of which would undermine the purpose of ERISA uniformity. Hotz, 292 F.3d at 61.

Underlying each of Plaintiff's statutory counts is his claim for benefits under the Plan. See, e.g., Compl. ¶134 (alleging that Defendants' issuance of a check payable to Plaintiff through Ms. Oliveira gives rise to strict liability under the Massachusetts UCC); Compl. ¶¶162-163 (alleging violation of G.L. c. 176D through deficient claim investigation and settlement offers); Compl. ¶¶190-200 (asserting that directing payment of Plan benefits to Plaintiff through Ms. Oliveira violated various state and federal statutes, amounting to violation of G.L. c. 93A). Plaintiff's claims for statutory relief, Counts VII – XV, are therefore preempted by ERISA because they "relate to" the Plan and conflict with the exclusive relief available under ERISA.¶

(iii)   Plaintiff's common law claims are preempted by ERISA

Plaintiff's claims for negligence (Counts I – III) and breach of fiduciary duty (Counts XVI – XVIII) are preempted by ERISA because each is a claim under state common law which "relates to" the Plan and would otherwise be duplicative of or supplemental to ERISA. See Negron-Fuentes v. UPS Supply, 532 F.3d 1, 6-7 (1st Cir. 2008) (ERISA "displace[s] state law causes of action, triggering complete preemption" where plaintiff's claims are in substance duplicative of an ERISA cause of action.); Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 55 (1st Cir. 2007) (concluding that claims for negligence, equitable estoppel and negligent misrepresentation were preempted by ERISA); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 7 (1st Cir. 1999) (explaining that a principal purpose of ERISA is to avoid inconsistent state regulation of ERISA plans).

In Zipperer, the First Circuit affirmed dismissal of plaintiff's claims for negligence, equitable estoppel and negligent misrepresentation. There, plaintiff plead common law claims

against his employer for allegedly miscalculating and misstating benefits owed him under its pension plan, arguing that such claims did not "relate to" the employer's benefits plan but instead pertained only to the employer's "independent legal obligation to keep proper records" and thus were outside the reach of ERISA's exclusive civil enforcement scheme. Id. at 53-54. The First Circuit rejected plaintiff's rationale:

> As we see it, Zipperer is asking that Massachusetts state law obligations be engrafted onto ERISA. Such claims, if allowed, would lead to the different administrative procedures in different jurisdictions that ERISA is designed to avoid. As such, they are preempted. The fact that Zipperer is seeking negligence damages and not reinstatement of benefits does not alter this result, as any determination of negligence, in the present context, necessarily 'relates to' the ERISA plan. Id. at 54-55.

Plaintiff's Massachusetts common law claims for negligence and breach of fiduciary duty, like the claims in Zipperer, necessarily "relate to" benefits under the Plan and would have the effect of impermissibly engrafting state law obligations onto ERISA. See, e.g., Compl. ¶93 ("Minnesota negligently failed to render payment to Plaintiff under the subject life insurance policy"); Compl. ¶220 ("Minnesota breached its fiduciary duty to the Plaintiff, the policy's beneficiary…."). Counts I – III and XVI – XVIII are therefore preempted because they "relate to" the Plan and seek remedies that are beyond the scope of relief available under ERISA.

## II.     CONCLUSION

As argued throughout this memorandum, each of the eighteen counts contained in Plaintiff's Complaint "relate to" an ERISA plan and each seeks relief which is beyond the scope of ERISA. Each count is therefore conflicts with and is preempted by ERISA and should be dismissed.

MINNESOTA LIFE INSURANCE COMPANY, SECURIAN LIFE INSURANCE COMPANY, SECURIAN FINANCIAL GROUP

By their attorneys,

/s/ Joan O. Vorster
Joan O. Vorster, Esq., BBO #550375
Kevin Kam, Esq., BBO #685846
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: May 10, 2018

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 10, 2018.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.