UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                  )
EUGENE FLINN,                     )
                    Plaintiff,    )
                                  )
          v.                      )        CIVIL ACTION
                                  )        NO. 18-10868-WGY
MINNESOTA LIFE INSURANCE          )
COMPANY, SECURIAN LIFE            )
INSURANCE COMPANY, and            )
SECURIAN FINANCIAL GROUP, INC.    )
                                  )
                    Defendants.   )
_____)
```

YOUNG, D.J.                              November 14, 2018

## MEMORANDUM & ORDER

### I.    INTRODUCTION

Eugene Flinn ("Mr. Flinn") filed suit in Massachusetts
Superior Court, seeking damages from Minnesota Life Insurance
("Minnesota"), Securian Life Insurance Company, and Securian
Financial Group (individually[1] and collectively, the "Insurers")
to recover life insurance benefits due to him under a policy
that his late wife, Joyce Flinn ("Mrs. Flinn"), bought through
her employer.  Notice of Removal ¶¶ 1, 4, ECF No. 1 ("Notice").
Although Mr. Flinn's complaint raised only state law claims,

---

[1] Because Securian Financial Group owns Securian Life
Insurance Company, which in turn is the parent company of
Minnesota Life Insurance Company, this memorandum and order
refers to them as the "Insurers" for the purpose of resolving
these motions.  Compl. ¶¶ 6-7, ECF No. 1-2.

Compl. ¶¶ 83-233, the Insurers timely removed the case to this Court based on federal question jurisdiction. Notice ¶¶ 3, 8. The Insurers insisted that federal question jurisdiction obtained because Mr. Flinn's "claims ar[o]se out of an employee welfare benefit plan within the meaning of, subject to and regulated by the Employee Retirement Income Security Act ("ERISA"), 29. U.S.C. § 1001 et seq." Notice ¶ 7. Shortly after removing the case, the Insurers moved to dismiss Mr. Flinn's complaint as preempted by ERISA. Defs.'s Mem Support Mot. Dismiss Compl. ("Defs.'s Mem."), ECF No. 9. Mr. Flinn opposed the motion and moved to remand this case to Massachusetts Superior Court. Pl.'s Mem. Law Support Opp'n Defs.'s Mot. Dismiss and Cross Mot. Remand ("Pl.'s Mem."), ECF No. 15.

As a threshold matter, this Court DENIES Mr. Flinn's remand request, ECF No. 16, because it has diversity jurisdiction even though it lacks federal question jurisdiction. This Court also DENIES the Insurers' motion to dismiss, ECF No. 8, because Mr. Flinn's claims do not "relate to" his late wife's ERISA-covered plan.

A. **Factual Background**

In considering a motion to dismiss for failure to state a claim, this Court "take[s] the complaint's well-pleaded facts as true." See Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st

Cir. 2018).  Mrs. Flinn passed away intestate on April 13, 2009.
Compl. ¶¶ 17-18.  Unbeknownst to Mr. Flinn, Mrs. Flinn had
purchased a life insurance plan (the "Plan") through her
employer, Fidelity Investments, in the amount of $250,000, which
was administered by the Insurers.  Id. at ¶¶ 29-31.

After Mrs. Flinn passed away, Mr. Flinn and Mrs. Flinn's
sister, Joan Oliveira ("Oliveira"), had several conversations
about Mrs. Flinn's affairs.  Id. at ¶ 21.  Oliveira, an
attorney, caused Mr. Flinn to (falsely) believe that Mrs. Flinn
had died with a valid last will and testament, which named
Oliveira as its sole beneficiary.  Id.  While Mrs. Flinn had not
named a beneficiary to the Plan, per the Plan's undisputed
terms, Mr. Flinn was the preference beneficiary.  Id. at ¶¶ 42-
43.  About six months after Mrs. Flinn's passing, Oliveira
contacted the Insurers and directed them to deal directly with
her instead of Mr. Flinn.  Id. at ¶ 45.  Oliveira presented a
forged power of attorney for Mr. Flinn to the Insurers and
claimed to be his attorney.  Id. at ¶ 41.  Mr. Flinn, however,
had no knowledge of and did not authorize the power of attorney.
Id. at ¶ 27.

Oliveira repeatedly -- but unsuccessfully -- attempted to
convince the Insurers to pay the Plan's benefits to someone
other than Mr. Flinn.  Id. at ¶¶ 46-49.  After her second
attempt, Minnesota requested that Oliveira provide them with a

"letter of authority from the probate court as well as the tax ID for the estate, to demonstrate her authority to act on the estate's behalf."  Id. at ¶ 50.  Oliveira never produced any such proof to the Insurers.  Id. at ¶ 51.

Subsequently, in 2011, Oliveira informed Minnesota that Mr. Flinn did want to claim the Plan's benefits and requested documentation to begin the process.  Id. at ¶ 53.  Ultimately, Minnesota sent a check payable to Mr. Flinn in the amount of $275,277.77 -- for the face value of the plan plus interest -- to Oliveira's business address.  Id. at ¶¶ 54-59.  Up to this point, the Insurers had discussed this matter only with Oliveira and had never contacted Mr. Flinn directly.  Id. at ¶¶ 60-69.

Mrs. Flinn's probate proceeding commenced on April 22, 2015, at which time the probate court appointed Mr. Flinn as the personal representative of Mrs. Flinn's estate.  Id. at ¶¶ 19, 35.  Over the following months, Mr. Flinn discovered a number of assets -- including the Plan -- that were designated to pass to him.  Id. at ¶ 37.  To Mr. Flinn's dismay, Oliveira had already diverted them from the estate for her use.  Id.  Mr. Flinn thus filed suit in Massachusetts Superior Court to recover the pilfered assets from Oliveira.  Id. at ¶ 38.  Oliveira then filed for bankruptcy, which stayed Mr. Flinn's Superior Court suit.  Chapter 7 Voluntary Pet., In re Oliveira, No. 15-11599 (Bankr. D.N.H. Oct. 13, 2015), ECF No. 1.

[4]

Mr. Flinn sent a demand letter to the Insurers on February 23, 2018 requesting the Plan's benefit amount, plus interest, and attorney's fees as damages for "wrongfully release[ing]" the benefits to Oliveira. Compl. ¶¶ 77-78 & Ex. A. The Insurers declined to offer to settle with Mr. Flinn, and, on March 29, 2018, he commenced this action in Massachusetts Superior Court. Id. at ¶¶ 79-82.

**B. Procedural History**

Mr. Flinn filed this complaint alleging that the Insurers violated Massachusetts law by mishandling the ministerial task of transferring to him the funds to which he was undisputedly due. Specifically, Mr. Flinn alleged that the Insurers were liable for negligence; constructive trust/breach of fiduciary duty; and violating Massachusetts General Laws chapter 106, section 4-401, chapter 176D, and chapter 93A. Id. at ¶¶ 83-233. The Insurers removed the case to this Court on the basis of federal question jurisdiction on May 3, 2018. Notice ¶¶ 3, 8. A week later, the Insurers moved to dismiss Mr. Flinn's complaint for failure to state a claim, arguing that ERISA preempted his claims. Defs.'s Mot. Dismiss, ECF No. 8. In June 2018, Mr. Flinn not only opposed the Insurers' motion to dismiss, but also filed a cross motion to remand the case for lack of subject matter jurisdiction. Pl.'s Opp'n Mot. Dismiss, ECF No. 14; Pl.'s Mot. Remand, ECF No. 16. After the parties

filed reply briefs, this Court held a hearing on both motions in September and took the matter under advisement.  Electronic Clerk's Notes, ECF No. 25.

## II. ANALYSIS

The Insurers contend that this Court has subject matter jurisdiction over Mr. Flinn's complaint and that ERISA preempts it.  While this Court does have diversity jurisdiction over this action, ERISA neither provides the true basis of Mr. Flinn's claims nor does it preempt his claims.

### A.   Motion to Remand

Because Mr. Flinn questions this Court's subject matter jurisdiction, this Court begins with his motion to remand.  The Insurers argue that this Court has subject matter jurisdiction over this case because ERISA completely preempts the complaint's causes of action.  Defs.'s Mem. 6.  Although the Court concludes that Mr. Flinn correctly points out that this Court lacks federal question jurisdiction, his complaint alleges facts sufficient for this Court to determine that it has diversity jurisdiction over this action.  Compl. ¶¶ 1, 3-8, 199.  For those reasons, further discussed below, this Court DENIES Mr. Flinn's motion to remand.

### 1.   Standard of Review

Section 1441(a) of chapter 28 of the United States Code allows defendants to remove a case from state court to federal

district court so long as the federal district court has original jurisdiction over the action. Where a plaintiff moves to remand a case back to state court for lack of subject matter jurisdiction, the defendant must "make a 'colorable' showing that a basis for federal jurisdiction exists[] . . . from the face of the state court complaint" for the case to remain in federal court. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (quoting BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997)). Accordingly, courts apply the "well-pleaded complaint" rule, which requires defendants who base removal on federal question jurisdiction to demonstrate that the plaintiff's "well-pleaded complaint" relies on a federal right to relief, even if federal law may preempt the complaint. See 28 U.S.C. § 1331; Franchise Tax Bd. v. Construction Laborers Vacation Tr., 463 U.S. 1, 10 (1983).

An exception to this rule exists where the defendant contends that Congress has completely preempted the complaint's state law claims such that the plaintiff's claims are "necessarily federal in character." See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987) (holding that federal courts have exclusive subject matter jurisdiction over state law claims falling "within the scope of [ERISA section] 502(a)"

(citing 29 U.S.C. §§ 1132(a)(1)(B), 1144(a),(b)(2)(A))). Where

defendants invoke this exception in the ERISA context, the Court

does not focus on whether the defendants met their burden of

proof, but instead analyzes whether or not the complaint falls

within the scope of the private right of action created by

ERISA. See Danca, 185 F.3d at 5 (citing 29 U.S.C.

§ 1132(a)(1)(B)); Nadworny v. Shaw's Supermarkets, Inc., 405 F.

Supp. 2d 124, 129 (D. Mass. 2005) (citing Belanger v. Wyman-

Gordon Co., 71 F.3d 451, 453 (1st Cir. 1995)).

### 2. Analysis

The Insurers contend that ERISA completely preempts

Mr. Flinn's claims and thus invite this Court to ground

jurisdiction in the presence of a federal question. Defs.'s

Mem. 6. The Insurers' reading of ERISA, however, sweeps far too

wide, and so this Court rejects the Insurers' invitation. ERISA

provides a private right of action for a "participant or

beneficiary . . . to recover benefits due under the terms of his

plan, to enforce his rights under the terms of the plan, or to

clarify his rights to future benefits under the terms of the

plan." 29 U.S.C. § 1132(a)(1)(B). It does not create a cause

of action for a plaintiff who claims that an insurer violated

its state law obligation to transfer his agreed-upon benefits to

him or his legitimate legal representative.

ERISA completely preempts a cause of action if (1) the plaintiff could have brought his suit under ERISA's private right of action, and (2) "there is no other independent legal duty that is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004); Negrón-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 7 (1st Cir. 2008). ERISA section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), provides that a plaintiff may sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Supreme Court has thus distinguished the ERISA cause of action from "run-of-the-mill state-law claims such as . . . torts committed by an ERISA plan." Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988). Therefore, "unless congressional intent to preempt clearly appears, ERISA will not be deemed to supplant state law in areas traditionally regulated by the state." Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136, 139–40 (1st Cir. 2000) (citing California Div. of Labor Standards Enf't v. Dillingham Constr., 519 U.S. 316, 325 (1997); New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995) ("Travelers")).

In Miara v. First Allamerica Financial Life Insurance Co., 379 F. Supp. 2d 20 (D. Mass. 2005), this Court listed several

factors that it analyzes in deciding whether ERISA's private
right of action provision subsumes a state law cause of action.
There, the plaintiff purchased a pension plan for her small
business based on the defendants' alleged representations that
she would receive hefty spousal benefits if her husband passed
away.  Id. at 23.  She sued the defendants in Massachusetts
Superior Court, raising only state law claims, when she began
receiving benefits that were substantially less than promised.
Id. at 24.  The defendants removed the case, citing ERISA
complete preemption, but the Court remanded it back to the
Superior Court.  Id. at 70.

The Court summarized several key factors in ruling that the
Miara plaintiff's cause of action could not have been brought
under the ERISA private right of action.  Among other things,
the Court observed that "[b]enefits law [was] not involved" in
resolving the case; the damages analysis did not depend on
analyzing an ERISA plan; the plaintiff did not seek benefits, to
enforce, or to clarify her rights under an ERISA plan; and the
Court did not need "to evaluate or interpret the terms of the
plan or [the plaintiff's] rights under the plan" to decide the
case.  Id. at 65-66.

These same factors militate in favor of holding that
Mr. Flinn's state law claims fall outside of the ERISA private
right of action's ambit.  Mr. Flinn does not seek benefits under

his wife's life insurance policy -- and the Insurers apparently
do not dispute that he was owed benefits as they wrote a check
for the exact amount that all parties agree were ultimately due
to him.  Compl. ¶¶ 58-59; cf. Hotz v. Blue Cross & Blue Shield
of Mass., Inc., 292 F.3d 57, 60 (1st Cir. 2002) (holding that
the ERISA private right of action creates an exclusive federal
cause of action where the state law claims challenge "the
process used to assess a participant's claim for a benefit
payment under the plan" (quoting Danca, 185 F.3d at 6)).  The
gravamen of each of Mr. Flinn's state law claims is that the
Insurers violated their state law obligations to ensure that he,
or a true legal representative, received his benefits check.
See Compl. ¶¶ 60-73.  Whether these claims are meritorious
depends not on the terms of the life insurance plan or benefits
law generally but on state laws and federal statutes (other than
ERISA) regulating the Insurers' duties.  Accordingly, the Court
rules that ERISA does not completely preempt Mr. Flinn's state
law causes of action and thus the Court lacks federal question
jurisdiction.

    Mr. Flinn's motion to remand is nevertheless denied on the
ground that this Court has diversity jurisdiction over the
causes of action described in the complaint.  See 28 U.S.C.
§ 1332(a)(1).  While the Insurers did not raise this basis for
jurisdiction, they did not disclaim it.  As such, this Court

applies the rule that "when a district court has diversity jurisdiction, it normally has the obligation to exercise that jurisdiction." See Sexual Minorities Uganda v. Lively, 899 F.3d 24, 32 (1st Cir. 2018) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1988)); see also Carpenters Local Union No. 26, 215 F.3d at 145 & n.8 (reversing the district court's decision that it had federal question jurisdiction and remanding for it to consider whether alternate jurisdictional grounds existed).

This Court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A corporation is a citizen of its state of incorporation and the location of its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Because Mr. Flinn is a Massachusetts citizen, Compl. ¶ 1, and the Insurers are citizens of Minnesota (where they maintain their principal places of business) and Delaware (where their corporate parents are incorporated), id. at ¶¶ 3, 5-6, 8, the matter is between citizens of different states. The amount in controversy exceeds $75,000 as the complaint alleges damages of at least $275,277.77. Id. at ¶ 59. Consequently, this Court DENIES the motion to remand, ECF No. 16, because it has diversity jurisdiction over this action.

**B.    ERISA Preemption Analysis**

Even though the Court rules that ERISA does not completely preempt Mr. Flinn's claims, that ruling does not necessarily dispose of the Insurers' argument that ERISA expressly preempts them.  "ERISA preemption, without more, does not convert a state law claim into an action arising under federal law."  Danca, 185 F.3d at 4–5 (quoting Metropolitan Life Ins. Co., 481 U.S. at 64).  The jurisdictional complete preemption analysis requires the Court to interpret ERISA section 502, 29 U.S.C. § 1132, but the affirmative-defense express-preemption inquiry calls for the Court to construe ERISA section 514, 29 U.S.C. § 1144.  See Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007).  After careful consideration, this Court holds that ERISA section 514 does not expressly preempt Mr. Flinn's claims.

**1.    Standard of Review**

To survive a motion to dismiss for failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). This Court grants such motions premised on preemption where the complaint does not plead a "plausible entitlement to relief" because the relief sought is preempted as matter of law.  See Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008).

### 2. Analysis

ERISA section 514 preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," as ERISA defines that term so long as the plan is not exempt. The parties agree that Mrs. Flinn's life insurance is an ERISA employee benefit plan. Defs.'s Mem. 3-4; Pl.'s Mem. 8. They dispute only whether Mr. Flinn's claims "relate to" such a plan. Defs.'s Mem. 3-4; Pl.'s Mem. 8.

A cause of action "relates to an employee benefit plan 'if it has a connection with or reference to such a plan.'" Zipperer, 493 F.3d at 53 (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)). Courts cabin the reach of ERSISA express preemption by "look[ing] . . . to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." See Hampers v. W.R. Grace & Co., 202 F.3d 44, 51 (1st Cir. 2000) (quoting Travelers, 514 U.S. at 656). As relevant here, courts recognize that Congress sought to preempt state "laws that present the threat of conflicting and inconsistent regulation that would frustrate uniform national administration of ERISA plans." See Danca, 185 F.3d at 7 (citing Travelers, 514 U.S. at 656-58).

The First Circuit has identified three categories of state laws that conflict with ERISA's objectives: "1) those that mandate employee benefit structures or their administration; 2)

those that bind plan administrators to a particular choice; and
3) causes of action that provide alternative enforcement
mechanisms to ERISA's own enforcement scheme." Zipperer, 493
F.3d at 53.  The third category need not detain the Court long,
for it essentially covers claims that might be brought under
ERISA's private right of action (that is to say, completely
preempted), and the Court has already held that Mr. Flinn's are
not such claims.  See Danca, 185 F.3d at 5.

     The Court holds that Mr. Flinn's claims do not fall within
the other two categories either.  First, granting Mr. Flinn's
requested relief would not "mandate employee benefit structures
or their administration."  See Zipperer, 493 F.3d at 53.  This
category reflects courts' wariness of state laws that may impose
"different substantive standards applicable to the same employer
conduct, requiring the tailoring of plans and employer conduct
to the peculiarities of the law of each jurisdiction."  See
Ingersoll-Rand Co., 498 U.S. at 142; see also Zipperer, 493 F.3d
at 52 (reasoning that ERISA preempted a negligent bookkeeping
claim because state substantive law threatened to mandate plan
administration procedures); Danca, 185 F.3d at 7 (ruling
preempted a claim that an insurer negligently supervised and
trained its employees who handled pre-certifying medical claims
because such claims "indisputably create a threat of conflicting

and inconsistent state and local regulation of the administration of ERISA plans").

The claims here carry no risk of creating a patchwork of inconsistent benefits-regulation schemes. Mr. Flinn's claims revolve around the Insurers' conduct after adjudicating his claim and deciding to pay on it; he does not allege that they analyzed his claim incorrectly or failed to follow proper procedures in analyzing his claim's validity. Compl. ¶¶ 61-73. He simply suggests that the Insurers violated Massachusetts law when they sent the agreed-upon benefits to someone masquerading as his legal representative. Compl. 7-19. Because Mr. Flinn's claim does not question the administration, i.e. the calculation of benefits or the determination of the correct beneficiary, of his late wife's life insurance plan, it does not threaten the uniformity of national benefits law.

Second, providing Mr. Flinn relief would not "bind plan administrators to a particular choice." See Zipperer, 493 F.3d at 53. Mr. Flinn does not seek relief under a statute demanding ERISA administrators to dole out benefits in a designated fashion; instead, he relies on common law and statutes that forbid careless handling of funds due to another. Compl. 7-19. As a consequence, a favorable outcome for Mr. Flinn would not bind the Insurers to any particular method of administering their ERISA plans.

The Insurers suggest that the Court follow Judge Burroughs's approach in Vlahos v. Alight Solutions Benefit Payment Services, LLC, No. 17-CV-12505-ADB, 2018 WL 3764262 (D. Mass. Aug. 8, 2018) (Burroughs, J.). The Court considers its conclusion consonant with Judge Burroughs's approach in Vlahos. There, Judge Burroughs ruled that ERISA expressly preempted the plaintiff's claim that the defendants, ERISA plan administrators, breached the plan's contractual terms when it allowed the plaintiff's former husband to withdraw funds from his covered account. Id. at *3. Judge Burroughs rested her decision on the fact that the plaintiff sought "to enforce her rights under the [ERISA] Plan as a beneficiary, which puts her claims directly within the scope of ERISA preemption." Id.; see also Spinal Imaging, Inc. v. Aetna Health Mgmt. LLC, No. CIV. 09-11873-LTS, 2014 WL 1278012, at *6-7 & n.8 (D. Mass. Mar. 26, 2014) (Sorokin, J.) (reasoning that assignees of ERISA plan benefits could not contest claim denials under the ERISA plan using state law).

Contrary to the Insurers' protests, Mr. Flinn does not seek to enforce his rights as a beneficiary under the ERISA plan terms. See generally Compl. As Judge Burroughs observed, ERISA does not preempt claims where "the parties' relationship [is] 'not based directly on the [ERISA] plan.'" Id. (quoting Cuoco v. NYNEX Inc., 722 F. Supp. 884, 886-87 (D. Mass. 1989)

(emphasis added)).  The parties' relationship is not "based

directly" on the ERISA plan if the claim concerns obligations

between the parties that do not arise from the plan itself.  See

Cuoco, 722 F. Supp. at 887 (holding that ERISA did not preempt

the plaintiff's claims where the plan administrator's obligation

to the plaintiff was based on "verbal misrepresentations which

were not part of the plan").  Here, Mr. Flinn's relationship

with the Insurers is not based directly on the ERISA plan but

instead on the process -- or lack thereof -- in which the

Insurers failed to ensure that he received his agreed-upon

benefits.  Compl. ¶¶ 61-73; see also ILWU-PMA Welfare Plan Bd.

of Tr. v. Connecticut Gen. Life Ins. Co., No. C 15-02965 WHA,

2015 WL 9300519, at *7 (N.D. Cal. Dec. 22, 2015) (reasoning that

ERISA did not expressly preempt plaintiffs' claims that the plan

administrator breached "their contractual obligations to perform

certain ministerial duties").[2]  As a result, the Court rules that

ERISA does not expressly preempt Mr. Flinn's state law claims.

---

[2] One district court has declined to recognize a
"ministerial activity" exception.  In America's Health Insurance
Plans v. Hudgens, the Northern District of Georgia held that
ERISA expressly preempted a state statute mandating deadlines
for processing claims because the statute compelled benefits
determinations by ERISA plan administrators.  915 F. Supp. 2d
1340, 1359-60 (N.D. Ga. 2012), aff'd, 742 F.3d 1319 (11th Cir.
2014).  As such, the state failed to show that the statute did
not impose "burdensome or costly" deadlines that might
"disrupt[] the national uniformity intended by Congress in
enacting ERISA".  Id. at n.24.  In contrast, the state law
duties invoked by Mr. Flinn here do not implicate benefits

[18]

## III. CONCLUSION

For the foregoing reasons, the Court DENIES both the Insurers' motion to dismiss for failure to state a claim, ECF No. 8, and Mr. Flinn's motion to remand for lack of subject matter jurisdiction, ECF No. 16.

**SO ORDERED.**

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
DISTRICT JUDGE

---

determinations and thus do not relate to an ERISA plan. Mrs. Flinn's ERISA plan is orthogonal to Mr. Flinn's claims regarding allegedly mislaid funds. Had the Insurers left Mr. Flinn's benefits check on the hood of a car, the fact that Mr. Flinn was to receive the check as an ERISA plan beneficiary would be irrelevant.